# IN THE UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| ANTHONY TAYLOR, Inmate #46656, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CIVIL NO. 08-cv-839-DRH |
| | ) | |
| EAST ST. LOUIS POLICE DEPT., *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

**HERNDON, Chief Judge:**

Plaintiff, currently an inmate in the Ellsworth (Kansas) Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. In this action, Plaintiff alleges that on February 28, 2007, Defendant Robert McCullum, an East St. Louis Police Officer, approached him at a street corner. After a brief conversation, Plaintiff turned to enter a building. At that time, McCullum exited his police cruiser and struck Plaintiff several times in the head with his nightstick without provocation. Plaintiff was subsequently taken to the hospital for treatment, but no charges were filed against him. He now asserts that he was subjected the use of excessive force, in violation of his rights under the Eighth Amendment.

Claims of excessive force during an arrest, or circumstances similar to an arrest, are analyzed under the Fourth Amendment's "reasonableness" standard. *See Graham v. Connor*, 490 U.S. 386 (1989). In determining the reasonableness of the force used, a Court will consider the facts and circumstances of the case, the severity of the crime at issue, the threat posed by the suspect to the safety of the officers or others, and whether the suspect was attempting to resist or evade arrest. The

objective reasonableness of the officers' response will be based upon the information the officers had at the time of the incident. *See Lawrence v. Kenosha County*, 391 F.3d 837, 843 (7th Cir. 2004). Based on these standards, Plaintiff's claims of excessive force cannot be dismissed at this time.

The Clerk is **DIRECTED** to prepare Form 1A (Notice of Lawsuit and Request for Waiver of Service of Summons) and Form 1B (Waiver of Service of Summons) for Defendants **EAST ST. LOUIS POLICE DEPARTMENT** and **ROBERT E. McCULLUM**. The Clerk shall forward those forms, USM-285 forms submitted by the Plaintiff, and sufficient copies of the complaint to the United States Marshal for service.

The United States Marshal is **DIRECTED**, pursuant to Rule 4(c)(2) of the Federal Rules of Civil Procedure, to serve process on Defendants **EAST ST. LOUIS POLICE DEPARTMENT** and **ROBERT E. McCULLUM** in the manner specified by Rule 4(d)(2) of the Federal Rules of Civil Procedure. Process in this case shall consist of the complaint, applicable forms 1A and 1B, and this Memorandum and Order. For purposes of computing the passage of time under Rule 4(d)(2), the Court and all parties will compute time as of the date it is mailed by the Marshal, as noted on the USM-285 form.

With respect to former employees of East St. Louis who no longer can be found at the work address provided by Plaintiff, the City shall furnish the Marshal with the Defendant's last-known address upon issuance of a court order which states that the information shall be used only for purposes of effectuating service (or for proof of service, should a dispute arise) and any documentation of the address shall be retained only by the Marshal. Address information obtained from the City pursuant to this order shall not be maintained in the court file, nor disclosed by the Marshal.

The United States Marshal shall file returned waivers of service as well as any requests for waivers of service that are returned as undelivered as soon as they are received. If a waiver of service is not returned by a defendant within **THIRTY (30) DAYS** from the date of mailing the request for waiver, the United States Marshal shall:

- Request that the Clerk prepare a summons for that defendant who has not yet returned a waiver of service; the Clerk shall then prepare such summons as requested.

- Personally serve process upon the defendant pursuant to Rule 4 of the Federal Rules of Civil Procedure and 28 U.S.C. § 566(c).

- Within ten days after personal service is effected, the United States Marshal shall file the return of service for the defendant, along with evidence of any attempts to secure a waiver of service of process and of the costs subsequently incurred in effecting service on said defendant. Said costs shall be enumerated on the USM-285 form and shall include the costs incurred by the Marshal's office for photocopying additional copies of the summons and complaint and for preparing new USM-285 forms, if required. Costs of service will be taxed against the personally served defendant in accordance with the provisions of Fed. R. Civ. P. 4(d)(2) unless the defendant shows good cause for such failure.

Plaintiff is **ORDERED** to serve upon defendant or, if appearance has been entered by counsel, upon that attorney, a copy of every further pleading or other document submitted for consideration by this Court. He shall include with the original paper to be filed with the Clerk of the Court a certificate stating the date that a true and correct copy of any document was mailed to defendant or his counsel. Any paper received by a district judge or magistrate judge which has not been filed with the Clerk or which fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint, and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this cause is **REFERRED** to a United States Magistrate

Judge for further pre-trial proceedings.

Further, this entire matter is hereby **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Plaintiff is under a continuing obligation to keep the Clerk and each opposing party informed of any change in his whereabouts. This shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs.

**IT IS SO ORDERED.**

**DATED: January 12, 2009.**

/s/ DavidRHerndon
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**